UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex. rel.* ) <br> BEVERLY LANDIS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> HOSPICE CARE OF KANSAS, L.L.C., ) <br> ) <br> ) <br> Defendant. ) | Case No. 06-2455-CM <br><br> **FILED** <br><br> OCT 1 9 2006 <br><br> RALPH L. DeLOACH, Clerk <br> By _____ Deputy |

### COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
### UNDER FALSE CLAIMS ACT

Plaintiffs, United States *ex rel.* Beverly Landis, individually, and through their attorneys Foland, Wickens, Eisfelder, Roper & Hofer, P.C., complain and allege the following:

#### I.    Parties

1. Plaintiff, Beverly Landis, is a citizen of the United States of America and a resident at 4509 W. 78th Street, Prairie Village, Kansas 66208.

2. Plaintiff, Beverly Landis, brings this action on behalf of the United States of America pursuant to 31 U.S.C. §3730(b)(1). The United States of America is a sovereign country whose Department of Health and Human Services purchases hospice care services from defendant through Medicare programs.

3. Defendant, Hospice Care of Kansas, L.L.C. ("Hospice Care"), is, upon information and belief, a Kansas Limited Liability Corporation, with its principal place of business at its corporate office of 3241 E. Victor Place, Wichita, Kansas, 67208. Hospice

Care, at all times relevant, maintained eleven (11) offices located throughout the state of Kansas, including the office where Landis worked, to wit: 15329 W. 95th Street, Lenexa, Johnson County, Kansas. Hospice Care was, at all times material to this complaint, authorized to collect Medicare benefits for the services it offers to clients regulated by 42 C.F.R. §418, *et seq.* Authorization and eligibility to receive compensation from the federal government for its services required compliance with 42 C.F.R. § 418 *et seq.*

## II. Jurisdiction and Venue

4. Jurisdiction lies in this Court pursuant to 28 U.S.C. §1331, 1345 and 31 U.S.C. §3732(a).

5. Venue is proper, among other reasons, pursuant to 28 U.S.C. §1391(a) because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## III. General Facts and Federal False Claims Allegation

6. This action is brought on behalf of the United States of America to recover all damages, penalties and other remedies established by and pursuant to 31 U.S.C. §3729-3733, and Beverly Landis claims entitlement to a portion of any recovery obtained by the United States as *qui tam* plaintiff authorized by 31 U.S.C. §3730.

7. Landis brings this action to impose liability upon Hospice Care for violations of 31 U.S.C. §3729 and non-compliance with various federal regulations, which occurred as a result of the Hospice Care's submission of false claims for monetary reimbursement to the United States pursuant to Hospice Care's non-compliance with agreements made with the United States Government.

8. Landis was at all times material to this complaint, an employee of the defendant, commencing employment in January 2005. During her employment at Hospice Care, Landis has held the positions of Registered Nurse and Case Manager in the Lenexa, Kansas, office of Hospice Care. In those capacities, Landis' duties have included the evaluation and supervision of patients for Hospice Care, including assurance that compliance with various federal regulations, promulgated partly under 42 C.F.R. §418, took place. Additionally, as one of the most experienced nursing professionals in the Lenexa office other employees of Hospice Care consulted Landis concerning compliance issues.

9. After commencing employment with Hospice Care, Landis learned of various violations and acts of non-compliance with federal statutes and regulations, as described below.

10. Landis, with the knowledge that it was a violation of Federal law to knowingly or willfully make or cause to be made any false statement, misrepresentation of material fact or otherwise act in non-compliance with statutes and regulations governing Medicare, informed the Medical Director, and other members of management in Hospice Care's Lenexa office, that Hospice Care was in violation and non-compliance with various federal statutes and regulations.

11. On numerous occasions subsequent thereto, Hospice Care knowingly, intentionally and willfully submitted false claims, records and statements to officials of the United States for the purpose of obtaining compensation for the services they provided to their clients and failed to comply with the requisite regulations as referenced above and described below:

12. Pursuant to 42 C.F.R. §418 generally and specifically sections 418.1; 418.20; 418.22; 418.50; 418.74; 418.202; 418.301; 418.306, there are requirements that must be met for the certification of clients for hospice care that will be partially reimbursed by the federal government. Specifically, §418.22 requires a certification of terminal illness. Landis, among other knowledge of falsification, has knowledge of the falsification of information to the federal government by Hospice Care because she personally observed patients, and reviewed records of other patients, that were either initially certified or re-certified for hospice services and identified the patients that were not appropriate for Hospice services because of their characteristics. She would recommend the discharge of these patients who did not meet the criteria and was responded to unfavorably by Hospice Care. Landis has knowledge of how the managers of Hospice Care are under pressure to admit patients who do not fulfill the required characteristics. Landis has knowledge of many instances when Hospice Care kept clients that did not meet the certification requirements and for which Hospice Care was getting compensation from the federal government.

13. When Landis' efforts to halt the submission of false claims were rebuffed by the management of Hospice Care, she reported in January or February, 2006, the violations to CAHABA, which is a Medicare payment agency; and in the spring of 2006, to the Office of the Inspector General of the United States Department of Health and Human Services.

14. Upon information and belief, CAHABA, through its audits and reviews of Hospice Care's patient records, has substantiated the false claim activity reported by Landis.

15. Upon information and belief, Hospice Care has made false claims from all of its offices. Said false claims have been made intentionally under the direction and/or with the direct knowledge of members of the company's senior management and ownership group.

15. The United States of America has been damaged by all of the aforementioned misrepresentations and failures of Hospice Care to comply with requisite agreements and regulations in an as of yet undetermined amount with respect to the aforementioned misrepresentations and failures to comply. Hospice Care knowingly made false claims to officials of the United States for the purpose of obtaining compensation for the services they offered to their clients.

## PRAYER FOR RELIEF

WHEREFORE, the United States is entitled to damages from Hospice Care in accordance with the provisions of U.S.C. §§ 3729-3733, of which up to twenty-five percent should be paid to *qui tam* plaintiff, Beverly Landis, as relator, a reasonable fee for her attorneys, and for such further relief as this Court may deem appropriate or proper.

## DEMAND FOR JURY

Landis hereby demands that her Complaint be tried to a jury of six persons.

Respectfully Submitted,

FOLAND, WICKENS, EISFELDER,
ROPER & HOFER, P.C.

_/s/_

David W. White, KS #14506
Joseph J. Roper, Fed Ct. ID# 70130
Jacqueline M. Sexton, KS #19878
911 Main Street, Suite 3000
Kansas City, MO  64105
Phone:  (816) 472-7474
Fax:      (816) 472-6262